Filed 04/12/22  P. v. Mackabee CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B306125 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA089655) |
| v. | |
| MARCEL MAURICE MACKABEE, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, James D. Otto, Judge.  Reversed and remanded with directions.

Barbara A. Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey,

Senior Assistant Attorney General, Idan Ivri and Michael C. Keller, Deputy Attorneys General, for Plaintiff and Respondent.

---

## INTRODUCTION

Appellant Marcel Maurice Mackabee appeals from the denial of his petition for resentencing under Penal Code section 1170.95.[1]  In 2013, a jury convicted appellant of felony murder and found true a robbery-murder allegation under section 190.2 (the special circumstance statute).  The jury was not instructed on the special circumstance statute's requirement that the defendant at least have been a major participant in the underlying felony and have acted with reckless indifference to human life.  (See § 190.2, subds. (b)-(d).)  We affirmed the judgment.  (*People v. Mackabee* (June 20, 2014, B250143) 2014 Cal.App.Unpub. LEXIS 4355 (*Mackabee I*).)  Our Supreme Court later clarified the meaning of the special circumstance statute in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), each of which articulated factors bearing on the major-participant and reckless-indifference determinations.  In 2018, appellant filed a petition for a writ of habeas corpus, contending the special circumstance finding was invalid because the trial record did

---

[1]     Undesignated statutory references are to the Penal Code.

not contain any substantial evidence that he acted with reckless indifference to human life. The habeas court denied the petition, concluding the special circumstance finding was supported by substantial evidence. Appellant then filed a similar habeas petition in this court, which we summarily denied.[2]

After the enactment of Senate Bill No. 1437 (2017-2018 Reg. Sess.) (SB 1437), which narrowed the felony murder rule by incorporating the special circumstance statute's requirement that the defendant at least have been a major participant in the underlying felony and have acted with reckless indifference to human life, appellant filed in the superior court a petition for resentencing under section 1170.95, alleging he was not guilty of murder in the wake of SB 1437. Without issuing an order to show cause, the court denied the petition on the basis of its determination that appellant was a major participant in the robbery and acted with reckless indifference to human life, and thus was guilty even under the narrowed version of the felony murder rule. The court implied it had evaluated the trial evidence under the factors set forth in *Banks* and *Clark*.

On appeal, appellant contends the court erred in denying his petition without issuing an order to show cause.

_____

[2] We have granted the parties' requests for judicial notice of the record and opinion on appellant's direct appeal. On our own motion, we also take judicial notice of appellant's habeas petition in case number B296620 and our order summarily denying the petition.

The Attorney General disagrees, arguing (1) the court properly determined the purportedly legal issue whether appellant was a major participant in the robbery and acted with reckless indifference to human life; and (2) under the doctrines of issue preclusion and law of the case, relief under section 1170.95 is precluded by the habeas court's and this court's orders denying appellant's habeas petitions.[3]

We conclude the superior court erred in denying appellant's petition without issuing an order to show cause. As the Attorney General concedes, the jury instructions and verdicts did not refute appellant's allegations that he was not a major participant in the robbery and did not act with reckless indifference to human life. At the prima face stage, the court was not permitted to deem these factual allegations untrue on the basis of its own evaluation of the

---

[3] The Attorney General disclaims any argument that relief is precluded by the robbery-murder special circumstance finding, which in light of the jury's instructions did not necessarily reflect a finding that appellant was a major participant in the robbery and acted with reckless indifference to human life. Thus, as the Attorney General notes, we need not address the issue pending our Supreme Court's review in *People v. Strong*, review granted March 10, 2021, S266606 -- viz., whether a felony-murder special circumstance finding made before *Banks* and *Clark* precludes relief under section 1170.95. (*Issues Pending Before the California Supreme Court in Criminal Cases* (April 2022) California Supreme Court <https://www.courts.ca.gov/documents/APR0122crimpend.pdf> [as of Apr. 5, 2022].)

4

evidence at trial. Nor could the court properly have denied relief in reliance on the habeas court's and this court's conclusions that the special circumstance finding was supported by substantial evidence. A finding of substantial evidence of guilt under a still-valid theory is insufficient to render a petitioner ineligible for resentencing. Thus, the superior court was required to issue an order to show cause and hold an evidentiary hearing -- at which the parties might offer new or additional evidence -- to determine whether the prosecution proved beyond a reasonable doubt that appellant was a major participant in the robbery and acted with reckless indifference to human life (or was otherwise guilty of murder under a still-valid theory). Accordingly, we reverse the order denying appellant's petition for resentencing, and remand the matter to the superior court with directions to issue an order to show cause and proceed in accordance with section 1170.95.

## BACKGROUND
### A. Underlying Judgment

The People charged appellant with the murder of Philip Victor Williamson and alleged, inter alia, that the murder was committed during the commission of a robbery within the meaning of the special circumstance statute. (*Mackabee I, supra,* 2014 Cal.App.Unpub. LEXIS 4355, at *1.)

### 1. Trial Evidence

In 2011, Williamson was found in an alley in Long Beach, gasping for breath and bleeding from a gunshot wound to the back of his head, which proved fatal. (*Mackabee I*, *supra*, 2014 Cal.App.Unpub. LEXIS 4355, at *2, *4, *9.)  Minutes earlier, a Toyota 4Runner owned by appellant's wife was recorded nearby.  (*Id.* at *8, *20.)  A police investigation yielded evidence that large quantities of marijuana and cash had gone missing from Williamson's apartment.  (*Id.* at *2-*4.)  The police froze the bank accounts of appellant's wife, who soon thereafter passed tens of thousands of dollars in cash to another woman in a shopping mall parking lot.  (*Id.* at *7.)

As evidence that appellant had admitted his involvement in the murder, the prosecution relied on the preliminary hearing testimony of appellant's uncle Ronnie Turner (who died before trial) and on two recorded police interviews of Ronnie's son Chevez Turner (who asserted his right against self-incrimination at trial, declined to answer certain questions, and denied having told the police about conversations with appellant related to Williamson's murder).  (*Mackabee I*, *supra*, 2014 Cal.App.Unpub. LEXIS 4355, at *8-*12.)  According to appellant's alleged admissions to Ronnie, appellant made a plan to rob Williamson of money and marijuana with two accomplices; during the robbery, one of appellant's accomplices shot Williamson while they were in appellant's wife's 4Runner; and the three accomplices dumped Williamson's body in Long Beach.

6

(*Id.* at *8-*10.)  Ronnie's credibility was challenged on various grounds, including admitted inconsistencies in his accounts about what appellant had told him.  (*Id.* at *10, *23-*24.)  Ronnie's account at the preliminary hearing was also inconsistent, in some respects, with his son Chevez's account to the police: appellant allegedly told Chevez that he and two companions visited Williamson's apartment to buy marijuana, but the deal went bad, and one of his companions ""wowed" out'" and shot Williamson.  (*Id.* at *11-*13.)  Appellant allegedly also told Chevez that his companions loaded Williamson's body into appellant's vehicle, which appellant drove to an alley in Long Beach, where they dumped the body.  (*Id.* at *11-*14.)

Testifying in his defense, appellant admitted he and Williamson had spent time together at Williamson's apartment on the day of the murder, and that he had been driving his wife's 4Runner.  (*Mackabee I, supra*, 2014 Cal.App.Unpub. LEXIS 4355, at *15.)  But he denied any involvement in the murder, claiming he had left Williamson's apartment without incident, and had driven to Long Beach only in order to visit his aunt's house.  (*Ibid.*)

### 2. Judgment and Appeal

The jury was instructed on felony murder premised on the robbery of Williamson; the prosecutor, conceding appellant was not the actual killer, argued he was nevertheless guilty of felony murder, even if the killing was accidental.  The jury's instruction on the robbery-murder

special circumstance allegation omitted any requirement that appellant at least have been a major participant in the robbery and have acted with reckless indifference to human life. Consistent with that omission, the prosecutor argued the allegation was "just a repeat" of the felony murder charge, requiring only a finding that the murder occurred in the course of the robbery.

The jury convicted appellant of the murder and found the special circumstance allegation true. The trial court (Judge Arthur Jean, Jr.) sentenced appellant to life imprisonment without the possibility of parole. On direct appeal, appellant contended his counsel had been ineffective for various reasons immaterial to this appeal. (*Mackabee I*, *supra*, 2014 Cal.App.Unpub. LEXIS 4355, at *1, *15-*16.) We affirmed. (*Id.* at *24.)

### B. Habeas Petitions

In April 2018, appellant filed a habeas petition in the trial court, contending the robbery-murder special circumstance finding was invalid because the trial record lacked substantial evidence that he acted with reckless indifference to human life. After receiving informal briefing from the parties, the habeas court (Judge Marcelita V. Haynes) denied the petition. Analyzing the trial record under the *Banks/Clark* factors, the court concluded several factors were inconclusive or weighed in appellant's favor, because (1) there was no evidence appellant supplied or used a gun, or that he knew his accomplices were armed or had

8

committed prior violent acts; and (2) the record was unclear regarding whether appellant was present when Williamson was shot, or in a position to prevent the murder. But the court concluded other factors weighed against appellant, relying on evidence that appellant planned the robbery, drove Williamson to Long Beach after an accomplice shot Williamson in the head, and left Williamson in an alley to die. The court concluded "substantial evidence indicates" appellant was a major participant in the robbery and acted with reckless indifference to human life.

In April 2019, appellant filed a habeas petition in this court, again contending the special circumstance finding was invalid because the trial record lacked substantial evidence that he acted with reckless indifference to human life. We summarily denied the petition for failure to state a prima facie for relief, explaining: "Any rational trier of fact could have found beyond a reasonable doubt that petitioner acted with reckless indifference to human life as required by Penal Code section 190.2, subdivision (d), from the fact that petitioner, the mastermind of the robbery, drove the vehicle with the victim inside after the victim had been shot in the back of the head and dumped the victim in an alley while he was still alive, bleeding, and gasping for air."

### C. Section 1170.95 Petition

In November 2019, appellant filed, through counsel, a petition to vacate his murder conviction under section 1170.95, alleging he could not be convicted of felony murder

9

after SB 1437's changes to the law because, inter alia, he was not a major participant in the robbery and did not act with reckless indifference to human life. In opposition, the prosecution relied on the habeas court's finding of substantial evidence to the contrary. In March 2020, the superior court (Judge James D. Otto) held a hearing to determine whether to issue an order to show cause, at which appellant's counsel submitted on the briefs, and the prosecutor briefly observed that appellant's direct appeal and first habeas petition had been rejected. The court denied the petition, stating: "Having reviewed the [*Banks/Clark*] factors as set forth succinctly in the case of [*In re Parrish* (2020) 58 Cal.App.5th 539], which sets forth the factors, and the Court of Appeal's [opinion] affirming the conviction, I find the defendant [was] a major participant based on the conviction and acted with reckless indifference to human life." Appellant timely appealed.

## DISCUSSION

### A. Section 1170.95

Section 1170.95 permits a defendant who was convicted of murder under a felony murder theory to petition the sentencing court to have the conviction vacated and to be resentenced on any remaining counts when, inter alia, the petitioner could not be convicted of murder after SB 1437's changes to the law. (See § 1170.95, subd. (a)(3).) These changes include the amendment of section 189, subdivision (e) to provide that a defendant is not guilty of felony murder

10

unless the defendant: (1) was the actual killer; (2) acted with the intent to kill as an aider and abettor; or (3) was a major participant in the underlying felony and acted with reckless indifference to human life, as described in the special circumstance statute.  (See § 189, subd. (e); Stats. 2018, ch. 1015, § 3.)

After ascertaining that the petition contains certain required information, the court must determine whether the petitioner has made a prima facie showing of entitlement to relief.  (§ 1170.95, subd. (c); *People v. Lewis* (2021) 11 Cal.5th 952, 960-968 (*Lewis*).)  "[T]he 'prima facie bar was intentionally and correctly set very low.'"  (*Lewis*, at 972.)  "[A]t the prima facie stage, a petitioner's allegations should be accepted as true, and the court should not make credibility determinations or engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'"  (*Id.* at 974, quoting *People v. Drayton* (2020) 47 Cal.App.5th 965, 980 (*Drayton*).)  Because the weighing of evidence is typically required in order to determine whether a defendant was a major participant in an underlying felony and acted with reckless indifference to human life, this determination is typically inappropriate at the prima facie stage.  (See *People v. Clayton* (2021) 66 Cal.App.5th 145, 154, review denied Sept. 15, 2021 [superior court erred in denying section 1170.95 petition at prima facie stage; "'The major participant and reckless indifference findings the trial court made based solely on the record evidence entail the weighing of evidence, drawing of inferences, and assessment of credibility that

should be left to the factfinding hearing process contemplated by section 1170.95, subdivision (d)'"]; accord, *People v. Harrison* (2021) 73 Cal.App.5th 429, 491; *People v. Montes* (2021) 71 Cal.App.5th 1001, 1008; *Drayton*, *supra*, 47 Cal.App.5th at 982.)[4]

Where the court finds the petitioner has made a prima facie showing, it must issue an order to show cause and hold an evidentiary hearing on the petitioner's eligibility for relief.  (§ 1170.95, subds. (c)-(d).)  "At the hearing to determine whether the petitioner is entitled to relief, the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder . . . under California law as amended by [SB 1437]. . . .  The prosecutor and the petitioner may also offer new or additional evidence to meet their respective burdens." (§ 1170.95, subd. (d)(3).)  "The question is whether the petitioner committed murder under a still-valid theory, and that is a factual question.  The Legislature made this clear

---

[4]     The prohibition against factfinding at the prima facie stage is subject to a limited exception: "'if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner."'" (*Lewis*, *supra*, 11 Cal.5th at 971, quoting *Drayton*, *supra*, 47 Cal.App.5th at 979.)  "However, this authority to make [factual] determinations without conducting an evidentiary hearing . . . is limited to readily ascertainable facts from the record (such as the crime of conviction) . . . ." (*Drayton*, at 980.)

by explicitly holding the People to the beyond a reasonable doubt evidentiary standard and by permitting the parties to submit new or additional evidence at the hearing on eligibility." (*People v. Clements* (2022) 75 Cal.App.5th 276, 294.) "A finding that there is substantial evidence to support a conviction for murder . . . is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (§ 1170.95, subd. (d)(3).)

### *B. Analysis*

We conclude the superior court erred in denying appellant's section 1170.95 petition at the prima facie stage. Appellant alleged, inter alia, that he was not a major participant in the robbery of Williamson and that he did not act with reckless indifference to human life. As the Attorney General concedes, the jury instructions and verdicts do not show the jury necessarily found otherwise. At the prima facie stage, the court was not permitted to deem appellant's allegations untrue on the basis of its own evaluation of the evidence at trial. (See *People v. Harrison*, *supra*, 73 Cal.App.5th at 438 ["The resentencing court stated [at the prima facie stage] that the record of conviction showed that the evidence at Harrison's trial was sufficient to prove beyond a reasonable doubt that Harrison had acted as a major participant with reckless indifference to the life of Harless . . . . To reach these conclusions, the resentencing court necessarily had to weigh the evidence from Harrison's trial. This was improper"]; *People v. Montes*, *supra*, 71

13

Cal.App.5th at 1008 ["The final ground on which the trial court found appellant ineligible for relief was because appellant 'was a major participant who acted with reckless disregard for human life.' We believe this constitutes inappropriate factfinding by the trial court at the initial prima facie stage of this process"]; *People v. Clayton, supra*, 66 Cal.App.5th at 154; *Drayton, supra*, 47 Cal.App.5th at 982.)

We disagree with the Attorney General's contention that the court's ruling was proper in light of the habeas court's and this court's orders denying appellant's habeas petitions. The habeas court's order concluded only that "substantial evidence indicates" appellant was a major participant in the robbery and acted with reckless indifference to human life; our order reached the same conclusion with respect to reckless indifference, resolving only what a rational trier of fact "could have" found. Even assuming those conclusions were binding on the superior court under the doctrine of law of the case, they did not warrant denial of the section 1170.95 petition, because a finding of substantial evidence of guilt under a still-valid theory is insufficient to render a petitioner ineligible for resentencing. (See § 1170.95, subd. (d)(3).) Similarly, because the substantial-evidence issue differed from the issue of appellant's eligibility for relief under section 1170.95, the doctrine of issue preclusion could not have operated to preclude relief. (See *DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 825 [issue preclusion applies

14

only where "identical" issue was necessarily decided in prior proceeding].)

In sum, we conclude neither the habeas orders nor anything in the record of conviction prevented appellant from clearing the "'very low'" bar set by the Legislature at the prima facie stage. (*Lewis*, *supra*, 11 Cal.5th at 972.) Accordingly, we reverse the order denying appellant's petition at that stage, and remand to the superior court with directions to issue an order to show cause and proceed in accordance with section 1170.95.[5]

---

[5] We note that on remand, the court will not be bound by our habeas order's unequivocal statement that, inter alia, appellant was the mastermind of the robbery. This statement implicitly reflected our presumption of all facts in support of the judgment that the jury reasonably could have found. (See *People v. Morales* (2020) 10 Cal.5th 76, 88 [court applying substantial evidence standard "'"presumes in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence"'"].) We neither concluded that the jury necessarily found the facts as we stated them, nor found those facts ourselves. (See *Conservatorship of O.B.* (2020) 9 Cal.5th 989, 1008 ["In assessing how the evidence reasonably could have been evaluated by the trier of fact, an appellate court . . . must indulge reasonable inferences that the trier of fact *might have* drawn from the evidence" (italics added)]; *People v. Rodriguez* (1999) 20 Cal.4th 1, 12-14 [reversing one Court of Appeal opinion, and disapproving another, for engaging in "appellate factfinding" in reviewing convictions for sufficient evidence].) Even had we purported to make findings of fact, they could not have been law of the case. (See *Investors Equity Life Holding Co. v. Schmidt* (2015) 233 Cal.App.4th 1363, 1377 ["'As its name suggests, the
*(Fn. is continued on the next page.)*

## DISPOSITION

The order denying appellant's petition for resentencing under section 1170.95 is reversed.  The matter is remanded to the superior court with directions to issue an order to show cause and proceed in accordance with section 1170.95.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


MANELLA, P. J.


We concur:



WILLHITE, J.



CURREY, J.

---

[law of the case] doctrine applies only to an appellate court's decision on a question of law; it does not apply to questions of fact'"].)

16